IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| PANTAURUS LLC,<br><br>      Plaintiff<br><br>vs.<br><br>MORGAN STANLEY,<br><br>      Defendant. | CIVIL ACTION NO. 1:14-cv-448-RC |

## **DEFENDANT MORGAN STANLEY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Morgan Stanley hereby responds to the Complaint of Plaintiff PanTaurus LLC ("Plaintiff") as follows:

## **PARTIES AND JURISDICTION**

1. Morgan Stanley admits that Plaintiff purports to bring this action for patent infringement under Title 35 of the United States Code. Morgan Stanley further admits that Plaintiff purports to seek damages and an injunction in its Complaint. Morgan Stanley denies that Plaintiff's claims have any merit.

2. Paragraph 2 states legal conclusions to which no answer is required.

3. Morgan Stanley lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 and therefore denies the same.

4. Morgan Stanley admits that it is a Delaware corporation with a principal place of business located at 1585 Broadway, New York, New York 10036. The remaining allegations in Paragraph 4 constitute legal conclusions to which no answer is required. To the extent a response is required, Morgan Stanley denies that it has committed, or continues to commit, any acts of infringement in Texas or in any other jurisdiction, but admits that it has conducted business in Texas.

5. Morgan Stanley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, as the Complaint includes an inadequate, vague, and amorphous identification of "instrumentalities that are alleged herein to infringe," and Morgan Stanley therefore denies the same.

**VENUE**

6. Paragraph 6 states legal conclusions to which no answer is required. To the extent a response is required, Morgan Stanley denies that it has committed any acts of infringement in this district or in any other jurisdiction.

**COUNT I**
**(INFRINGEMENT OF UNITED STATES PATENT NO. 6,272,533)**

7. Morgan Stanley repeats and incorporates herein by reference each of the responses to Paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8. Morgan Stanley admits that Plaintiff purports to bring this action under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

9. Morgan Stanley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

10. Morgan Stanley admits that a purported copy of U.S. Patent No. 6,272,533 ("the '533 Patent"), titled "Secure Computer System And Method Of Providing Secure Access To A Computer System Including A Stand Alone Switch Operable To Inhibit Data Corruption On A Storage Device," is attached to the Complaint as Exhibit A.

11. Denied.

12. Morgan Stanley denies that the '533 Patent is a prominent, pioneering patent in the field of computer security, and denies that any examinations of subsequently-issued U.S. patents provide "evidence[]" of such. Morgan Stanley lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 12 and therefore deny the same.

### (Direct Infringement)

13. Denied.

14. Denied.

15. Denied.

16. Paragraph 16 states legal conclusions to which no answer is required. To the extent a response is required, Morgan Stanley lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the same.

### PRAYER FOR RELIEF

Having responded to each of the allegations in the Complaint as set forth above, Morgan Stanley denies that Plaintiff is entitled to any relief requested in its Prayer for Relief, and respectfully request that the Court enter judgment against Plaintiff on all of its claims against Morgan Stanley.

### MORGAN STANLEY'S AFFIRMATIVE DEFENSES

In further response to the Complaint, and without conceding or assuming that Morgan Stanley bears the burden of proof as to any of them, Morgan Stanley alleges the following affirmative and other defenses and reserves the right to amend its Answer to the Complaint as additional information becomes available.

### First Affirmative Defense: Failure to State a Claim

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense: Non-Infringement

Morgan Stanley does not and has not infringed any claim of the '533 Patent, either literally or under the doctrine of equivalents.

### Third Affirmative Defense: Invalidity

Each claim of the '533 Patent is invalid and/or unenforceable for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Affirmative Defense: No Injunctive Relief

Plaintiff is not entitled to injunctive relief because Morgan Stanley has not infringed and is not infringing any valid and enforceable claim of the '533 Patent and because any purported injury to Plaintiff is not immediate or irreparable. To the extent Plaintiff proves that it would be entitled to any relief, it would have an adequate remedy at law. Moreover, the public interest and balance of hardships disfavors an injunction under the circumstances of this case.

### Fifth Affirmative Defense: Estoppel

Because of limitations in the claims of the '533 Patent, statements made in the specification of the '533 Patent, prior art to the '533 Patent and/or proceedings in the U.S. Patent and Trademark Office during prosecution of the application that led to the issuance of the '533 Patent and/or during related patent application proceedings (including by way of example and without limitation amendments, remarks, representations, concessions and/or admissions made by or on behalf of the applicant and/or patentee), Plaintiff is estopped from asserting that claims of the '533 Patent cover any apparatus, system, device, product, service or method of Morgan Stanley accused of infringing the '533 Patent.

### Sixth Affirmative Defense: Waiver, Laches and Estoppel

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches and/or estoppel.

### Seventh Affirmative Defense: Pre-Suit Damages Are Barred

Plaintiff's claim for damages predating the filing of this lawsuit is barred by its failure to provide actual or constructive notice as required by 35 U.S.C. § 287 or otherwise.

### Eighth Affirmative Defense: No Entitlement to Enhanced Damages

Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284 or pursuant to the Court's inherent powers.

### Ninth Affirmative Defense: No Entitlements Under 35 U.S.C. § 285

Plaintiff is not entitled to a finding that this case is exceptional or to attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent powers.

### Tenth Affirmative Defense: Time Limitation On Damages

Plaintiff's claims for recovery against Morgan Stanley are barred, in whole or in part, by 35 U.S.C. § 286.

### Eleventh Affirmative Defense: Failure To Mitigate

Plaintiff has failed to mitigate any damages and/or losses it alleges to have incurred as a result of any action taken by and/or on behalf of Morgan Stanley.

### Twelfth Affirmative Defense: Action Including An Invalid Claim

Plaintiff's prayer for costs is barred, in whole or in part, by Plaintiff's failure to disclaim any invalid claims under 35 U.S.C. § 288.

### Other Affirmative Defenses

Morgan Stanley's investigation of the claims and their defenses is continuing. In addition to the affirmative defenses set forth herein, Morgan Stanley expressly reserves the right to allege and assert any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that

may now exist or become known or available in the future based upon discovery and further investigation in this case.

## MORGAN STANLEY' PRAYER FOR RELIEF

WHEREFORE, Morgan Stanley respectfully requests that this Court enter an Order and Judgment against Plaintiff as follows:

A. Denying all claims for relief set forth in the Complaint against Morgan Stanley, and entering judgment in favor of Morgan Stanley and against Plaintiff on all claims;

B. Declaring that Morgan Stanley has not infringed and is not infringing any valid and/or enforceable claim of the '533 Patent;

C. Declaring all claims of the '533 Patent to be invalid;

D. Dismissing Plaintiff's Complaint against Morgan Stanley with prejudice;

E. Enjoining Plaintiff, its agents, and all persons acting in concert or participation with Plaintiff from asserting claims against Morgan Stanley for infringement of the '533 Patent;

F. Declaring that this case is exceptional under 35 U.S.C. § 285 to support an award to Morgan Stanley of its attorneys' fees and costs incurred in connection with this action; and

G. Such other and further relief as the Court deems just and proper.

Dated:  December 5, 2014	Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone:   (903) 509-5000
Facsimile:    (903) 509-5092

ATTORNEYS FOR DEFENDANT
MORGAN STANLEY

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 5, 2014, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a).

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth